■ GIACOMO TERRANOVA et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and HAGGERTY MILLWORK CORP., Defendant and Third-Party Plaintiff-Appellant. CORD CONTRACTING COMPANY, INC., et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) PATRICK STACK et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and HAGGERTY MILLWORK CORP., Defendant and Third-Party Plaintiff-Appellant. CORD CONTRACTING COMPANY, INC., et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [602 NYS2d 830] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 30, 1992, which denied third-party plaintiff's motion for summary judgment on its claim for common-law indemnification against third-party defendants-respondents, unanimously affirmed, with costs. Appeal from order of same court and Justice, entered on or about September 23, 1992, unanimously dismissed as abandoned, without costs.

In an action seeking to recover for personal injuries sustained at a construction site when a scaffold collapsed, third-party plaintiff Haggerty Millwork Corp., the general contractor, seeks summary judgment against third-party defendants Cord Contracting Company and Cord Wall Construction Co., a subcontractor and plaintiff's employer, on its claim for common-law indemnification. The IAS Court denied the motion on the ground that issues of fact exist as to whether Cord was negligent. We agree. Labor Law § 240 (1) imposes no liability on a subcontractor for job site injuries unless the subcontractor had the authority to direct, supervise and control the work giving rise to the injury, the burden being on the party asserting such liability, here the general contractor, "to present evidence of the particular defendant's supervision and control of the activity which resulted in [the] injury" (Headen v Progressive Painting Corp., 160 AD2d 319, 320-321). Of course, a subcontractor can also be held liable upon proof that its actual negligence contributed to the accident (Francavilla v Nagar Constr. Co., 151 AD2d 282, 287) but in such a case summary judgment "is appropriate only where there are no issues of material fact concerning the precise degree of fault attributable to each party involved" (La Lima v Epstein, 143 AD2d 886, 888). Here, Haggerty offered no written contract, documents, records, or statements to support its contention that Cord was in control of the scaffold and directed the work

that took place on it. The mere fact that Cord owned, erected and furnished the scaffold does not, by itself, show supervision and control of plaintiffs' work *(Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 956-957). Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.