■ HARRY E. KOZERSKI et al., Plaintiffs, v DEER RUN HOMEOWNERS ASSOCIATION, INC., et al., Defendants, and EDWIN A. HALLBERG et al., Individually and Doing Business as DEER RUN INVESTORS LIMITED PARTNERSHIP, et al., Defendants and Third-Party Plaintiffs-Appellants. MCK BUILDING ASSOCIATES, INC., Third-Party Defendant-Appellant-Respondent, and LOREN STEVENS, Individually and Doing Business as HOMETOWN CONSTRUCTION, Third-Party Defendant-Respondent. [629 NYS2d 518] —Crew III, J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 28, 1994 in Chemung County, which, *inter alia*, granted third-party defendant Loren Stevens' motion for summary judgment dismissing the third-party complaint and cross claims against him.

Defendants Edwin A. Hallberg, Ted Kinder, Irving Candee and Robert Medina, doing business as Deer Run Investors Limited Partnership (hereinafter collectively referred to as defendants), were involved in the construction of residential homes in a development project. Defendants hired third-party defendant MCK Building Associates, Inc. as the general contractor for the project which, in turn, hired third-party defendant Loren Stevens, doing business as Hometown Construction, as a subcontractor to frame houses. In March 1991, plaintiff Harry E. Kozerski, while employed as a crew chief by Hometown Construction, fell down temporary steps while exiting one of the homes under construction and sustained personal injuries. Kozerski and his wife commenced this personal injury action against defendants and MCK, alleging negligence in failing to provide a safe place to work and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants served a third-party complaint upon MCK and Hometown Construction seeking common-law indemnification, and MCK cross-claimed against Hometown Construction seeking common-law and/or contractual indemnification or contribution.

Following discovery, defendants moved for summary judg-

ment dismissing plaintiffs' negligence and Labor Law § 200 causes of action and for common-law indemnification against MCK. Hometown Construction moved for summary judgment dismissing the third-party complaint and cross claims against it. MCK cross-moved for summary judgment granting indemnification against Hometown Construction.

Supreme Court granted defendants' motion to dismiss the negligence and Labor Law § 200 causes of action but denied their motion as premature with respect to the indemnification claim. Supreme Court granted Hometown Construction's motion to dismiss the third-party complaint and cross claims against it and denied MCK's motion. Defendants appeal from so much of Supreme Court's order as dismissed the third-party complaint against Hometown Construction and denied their motion for common-law indemnification. MCK appeals from so much of Supreme Court's order as dismissed its cross claims and denied its motion for contractual indemnification.

The party charged with the duty to provide a safe work place must have the authority to control the activity bringing about an injury so that it may avoid or correct an unsafe condition (*see, Karian v Anchor Motor Frgt.*, 144 AD2d 777, 778). Accordingly, liability may be imposed upon a subcontractor for its employees' injuries only where the subcontractor's direct supervision or control of the activity resulted in such injury (*see, Terranova v City of New York*, 197 AD2d 402).

Kozerski testified that he was hired by Hometown Construction to do framing as well as supply materials to the job site. Prior to his accident, Kozerski noticed that the steps providing access to the home where he was working had become slippery from rainy weather conditions. Another employee of Hometown Construction testified that he tried to convince Stevens to let the crew go home prior to the accident because of the unfavorable weather conditions. Finally, Kozerski testified that he slipped on the wet steps and was injured while procuring additional supplies at the direction of Stevens. Given the foregoing, questions of fact exist as to whether Stevens was negligent in ordering Kozerski to continue to work in the inclement weather conditions that existed on the day in question and in ordering him to use the steps on which he slipped when he attempted to procure additional materials (*see, Foster v Spevack*, 198 AD2d 892; *Terranova v City of New York, supra*). Accordingly, Supreme Court erred in dismissing the third-party complaint and cross claims against Hometown Construction.

As to the issue of indemnification, while indemnification agreements which purport to indemnify contractors for the

negligence of its employees are against public policy (*see,* General Obligations Law § 5-322.1), the prohibition is inapplicable where the contractor's liability is merely imputed or vicarious (*see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179-180). The subcontract between Hometown Construction and MCK provides that the former will "indemnify and hold harmless [MCK] from and against any and all allegations, claims, damages, losses or expenses * * * arising out of or related to work under this subcontract". The contract manifests a clear intention to indemnify (*see, Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 957) and is unenforceable only to the extent that MCK attempts to limit liability for its own negligence. It is clear from a review of the record that MCK constructed and placed the temporary steps at the residence where Kozerski was injured and Kozerski testified that the steps "dropped" or shifted at the time of his fall. Under the circumstances, MCK may well be determined to have been negligent in the installation of the steps and Supreme Court properly denied MCK's motion for contractual indemnification. As noted previously, however, it ultimately may be determined that Kozerski's injuries were caused by Hometown Construction's negligence, resulting in MCK's liability being predicated solely upon the Labor Law, in which event MCK would be entitled to contractual indemnification pursuant to its subcontract with Hometown Construction. Accordingly, Supreme Court erred in dismissing MCK's cross claim for contractual indemnification.

Finally, we are of the opinion that Supreme Court correctly denied defendants' motion for common-law indemnification against MCK as premature. One is entitled to implied indemnification where he or she has committed no wrong but is held vicariously liable for the wrongdoing of another (*see, State of New York Facilities Dev. Corp. v Kallman & McKinnell, Russo & Sonder,* 121 AD2d 805, 806). While we previously have indicated that factual issues exist concerning MCK's negligence, there is the possibility that MCK will be found free from active fault and only vicariously liable. In that event, common-law indemnification would be inappropriate.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted third-party defendant Loren Stevens' motion for summary judgment dismissing the third-party complaint and all cross claims against it; said motion denied; and, as so modified, affirmed.