■ RICHARD E. STRAIGHT et al., Appellants, v MCCARTHY BROTHERS COMPANY, Defendant and Third-Party Plaintiff-Respondent. SWEET ASSOCIATES, INC., et al., Third-Party Defendants-Respondents. (Action No. 1.) RICHARD E. STRAIGHT et al., Appellants, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. (Action No. 2.) [634 NYS2d 272] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 27, 1994 in Albany County, which, *inter alia*, granted defendants' and third-party defendants' motions for partial summary judgment dismissing plaintiffs' Labor Law § 240 causes of action.

Plaintiff Richard E. Straight, a steamfitter/plumber, was injured at a construction site when he fell from a plank while entering the building where he was working and sustained injuries. The plank, which was approximately 10 feet long, ran

from the doorway of the building to the ground and was used by masons to push wheelbarrows from the ground through the entranceway and into the building.

Straight and his spouse commenced these actions against the general contractor and the building owner alleging, *inter alia,* violations of Labor Law § 240 (1). The general contractor commenced a third-party action against Straight's employer and, ultimately, defendants and third-party defendants moved for partial summary judgment dismissing plaintiffs' causes of action based upon violation of Labor Law § 240 (1). Plaintiffs thereafter cross-moved for partial summary judgment as to Labor Law § 240 liability. Supreme Court granted defendants' and third-party defendants' motions and denied plaintiffs' cross motion. This appeal by plaintiff ensued.

We affirm. The record makes clear that the plank was not being utilized in the performance of Straight's work in the building under construction (*see, Ryan v Morse Diesel,* 98 AD2d 615), i.e., it was not being utilized as a ladder, scaffold, hoist or other safety device for the benefit of Straight in his work as a plumber. Rather, it was used as a passageway for laborers to transport materials and debris at the work site and, as such, did not come within the purview of Labor Law § 240 (1) (*see, Barnes v Park Cong. Church,* 145 AD2d 889, 890-891, *lv dismissed* 74 NY2d 650; *Ryan v Morse Diesel, supra,* at 616; *compare, Wescott v Shear,* 161 AD2d 925, 926, *appeal dismissed* 76 NY2d 846 [temporary stairway installed to provide access to upper levels of home under construction falls within purview of Labor Law § 240 (1)]). Additionally, the record indicates that Straight could gain access to the building without utilizing the plank in question (*compare, Birbilis v Rapp,* 205 AD2d 569, 569-570).

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.