■ DAVID E. DEPUY et al., Appellants-Respondents, v SIBLEY, LINDSAY & CURR COMPANY, INC., et al., Respondents-Appellants, et al., Defendant. [639 NYS2d 207]

Additionally, that part of the cross motion of defendants Mackies Van & Storage, Ltd., Coleman's and North American Van Lines for summary judgment dismissing the Labor Law § 240 (1) cause of action should have been granted because they were subcontractors with no authority to direct, supervise or control plaintiff's work (*see, Russin v Picciano & Son*, 54 NY2d 311, 316-318; *Terranova v City of New York*, 197 AD2d 402; *Smith v Cassadaga Val. Cent. School Dist.*, 178 AD2d 955, 956-957). The fact that Coleman's owned the ramps and its employee placed them does not, by itself, establish supervision and control of plaintiff's work (*see, Terranova v City of New York, supra*, at 403; *Smith v Cassadaga Val. Cent. School Dist., supra*, at 956-957).

The court, however, properly denied that part of the cross motion of defendant Sibley, Lindsay & Curr Company, Inc. (Sibley) for summary judgment on common-law indemnification against the remaining defendants. The submissions by Sibley fail to establish as a matter of law that plaintiff's injuries were solely the result of the negligence of those defendants (*see generally, Gillmore v Duke/Fluor Daniel*, 221 AD2d 938). Consequently, we modify the order on appeal by granting that part of defendants' cross motions seeking summary judgment dismissing plaintiffs' second cause of action. (Appeals from Order of Supreme Court, Monroe County, Cornelius, J.—Labor Law.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.

■ JOSEPH LOMBARDO, Individually and as Parent and Natural Guardian of NICHOLAS T. LOMBARDO, an Infant, Respondent-