■ PETER A. SEVERINO et al., Respondents, v SCHUYLER MEADOWS CLUB, INC., et al., Defendants, and BARRY, BETTE & LED DUKE, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. SCHENECTADY STEEL COMPANY, INC., Third-Party Defendant-Respondent; BROWNELL STEEL, INC., Third-Party Defendant-Appellant-Respondent. [639 NYS2d 869] —Mikoll, J. P.

Plaintiff Peter Severino (hereinafter plaintiff) and his wife, plaintiff Patricia Severino (derivatively), commenced the instant action to recover damages arising out of an injury plaintiff sustained while working at a construction site on premises located in the Town of Colonie, Albany County, and owned and operated by defendants Schuyler Meadows Club, Inc. and Schuyler Meadows Country Club, Inc. (hereinafter collectively referred to as Schuyler). The complaint alleged that plaintiff's injury was due to the negligence and violations of Labor Law § 200 (1), § 240 (1) and § 241 (6) committed by Schuyler and defendant Barry, Bette & Led Duke, Inc. (hereinafter BBLD), the general contractor on the project.

At trial, plaintiff related that at the time of the accident he was standing on a ladder installing angle irons used to help support cement flooring. Plaintiff and his co-worker, Gerald Baker, were attempting to attach an angle iron to pre-set inserts extending from a wall. The angle irons were placed between and at the same level as already installed I-beams that were also to support the cement floor over the building basement. If the holes in the angle iron did not match with the inserts in the cement wall, plaintiff and Baker were to either drill new holes in the wall or burn new holes in the angle irons.

In order to enable the angle irons to be lined up with the wall inserts, a metal plate was attached to each end of the angle iron with a C-clamp. The plates then rested on the I-beams located to the right and left of the angle. To see if the inserts and the angle iron lined up correctly, plaintiff found it necessary to use a ladder. He borrowed a ladder and stomped on the first rung to stabilize it as the floor was dirt and there was no place on the wall to tie off the top of the ladder. Baker was sitting on one I-beam and plaintiff was standing on the ladder ready to begin to slide the angle toward the wall and, as plaintiff reached out, grabbing the angle or the C-clamp, the ladder shifted to the right. Plaintiff could not hold onto the angle, which came toward him as he was falling and hit him on the left leg as it came down; plaintiff ended up on the ground with his right leg involved with the ladder.

Schuyler cross-claimed against BBLD requesting common-law and contractual indemnification. BBLD then commenced a third-party action asking for common-law and contractual indemnity against third-party defendant Schenectady Steel Company, Inc. (hereinafter Schenectady), a subcontractor engaged to fabricate and erect certain steel structures for the project, and third-party defendant Brownell Steel, Inc. (hereinafter Brownell), a subcontractor to Schenectady engaged to perform structural steel work and the employer of plaintiff. Schenectady and Brownell lodged cross claims in their respective answers against each other and counterclaims against BBLD. Schuyler amended its answer to include, *inter alia*, cross claims against Schenectady and Brownell.

Supreme Court granted Schenectady's cross motion for summary judgment against Brownell on its cross claim for indemnification made before trial. At the close of the evidence at the trial, Supreme Court granted plaintiffs' motion for a directed verdict as to Schuyler and BBLD for violation of Labor Law § 240 (1). Further, Supreme Court granted Schenectady's motion to dismiss all claims against it. Finally, BBLD's motion for a directed verdict against Brownell was denied.

The jury found that BBLD and Brownell were both negligent, that their negligence proximately caused plaintiff's injuries, and that BBLD was 20% liable and Brownell 80% liable for the accident. The jury awarded damages in the sum of $686,787 to plaintiff and $50,000 to his wife on her derivative claim. BBLD and Brownell appeal from the judgment.

Thereafter, Supreme Court denied BBLD's posttrial CPLR 4404 (a) motion for judgment notwithstanding the verdict, which claimed, *inter alia*, that BBLD was entitled to contrac-

tual indemnification against Brownell and that the jury verdict was against the weight of the evidence and excessive. Supreme Court also denied Brownell's cross motion for judgment notwithstanding the verdict, which claimed that the jury verdict against it was against the weight of the evidence. BBLD and Brownell appeal from the court's order.

Brownell's contention, that Supreme Court improperly granted plaintiff's motion for a directed verdict under Labor Law § 240 on the ground that there were questions of fact as to whether defendants failed to provide adequate protection to plaintiff and whether that failure was a proximate cause of plaintiff's injuries, lacks merit. Plaintiff was entitled to a directed verdict as a matter of law as to the injury caused by the fall of the angle iron.

On the argument of plaintiffs' motion for a directed verdict, plaintiffs' attorney opined that under Labor Law § 240 (1), "the owner and general contractor must make sure that the work— that the item of material that is at a higher level is so secured that it doesn't fall". Supreme Court stated, in granting the motion, "[t]here is no question that the angle iron was above [plaintiff's] head, there is no question it fell, and even if it fell as a pendulum * * * it would still be in violation of 240 of the Labor Law". While one can find a question of fact as to what caused the ladder to fall, there is no question that the angle iron was elevated above plaintiff's head, that it fell and struck plaintiff's leg, causing his injuries in violation of Labor Law § 240 as Supreme Court found. Thus, plaintiff was entitled to summary judgment as a matter of law (see, Kelleher v Power Auth., 211 AD2d 918, 919; cf., Avner v 93rd St. Assn., 147 AD2d 414). The defendants are liable for all normal and foreseeable consequences of their failure to furnish safe ladders or to secure items which may fall (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 562).

Also without merit is BBLD's argument that Supreme Court improperly granted Schenectady's motion for a directed verdict on the ground that BBLD was entitled to indemnification according to its contract with Schenectady, regardless of whether there was any proof that Schenectady was negligent. General Obligations Law § 5-322.1 (1) renders void and unenforceable as against public policy indemnification agreements which purport to indemnify or hold harmless a general contractor for its own negligence. However, a subcontractor can be obligated under an indemnification clause to indemnify a general contractor whose liability for a worker's injuries is imputed or vicarious, even absent a showing of negligent conduct on the

part of the subcontractor (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178; *Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 842-843).

When Schenectady made its motion for a directed verdict dismissing the claims against it, Supreme Court had already granted plaintiffs' motion for a directed verdict based on a violation of Labor Law § 240 (1), imputing liability to BBLD. However, BBLD's liability for negligence had not yet been determined by the jury, which could have found only Brownell negligent and left BBLD's liability to rest only upon Labor Law § 240. Therefore, under the general indemnification clause in BBLD's contract with Schenectady, Schenectady's obligation to indemnify BBLD would depend on a future event at the time the court ruled on its motion, and on these circumstances alone denial of the motion was erroneous (*see, Kozerski v Deer Run Homeowners Assn., supra*, at 843; *Orr v Christa Constr.*, 206 AD2d 881; *compare, Wentland v Occidental Chem. Corp.*, 188 AD2d 1030, 1031).

However, inasmuch as the indemnification clause in the BBLD/Schenectady contract is operable only if the negligence of Schenectady or its agents causes injury, it cannot establish Schenectady's liability since the record contains no facts or assertions by BBLD of any negligence on the part of Schenectady (*see, Brown v Two Exch. Plaza Partners, supra*, at 181).

Further, Schenectady's obligation to indemnify BBLD cannot be occasioned by the possible negligence of Brownell as one of its agents. Supreme Court remarked in previously granting Schenectady's motion for summary judgment against Brownell that "[t]he imposition of contractual indemnity is warranted in favor of Schenectady against Brownell because Schenectady's potential liability in this case to defendants is merely passive and derivative". Supreme Court denied the motion as to common-law indemnification, opining that it "must abide an apportionment of fault between the parties". However, in the absence of evidence of its negligence, Schenectady would be entitled to common-law indemnification as a party which "has committed no wrong but is held vicariously liable for the wrongdoing" (*see, Kozerski v Deer Run Homeowners Assn., supra*, at 843). Also, Schenectady would be entitled to common-law indemnification from Brownell based on the lack of evidence in the record that Schenectady had any control of the work site other than supplying the angle irons (*see, McNair v Morris Ave. Assocs.*, 203 AD2d 433, 434-435). Supreme Court therefore properly granted Schenectady's motion for a directed verdict dismissing all claims against it.

BBLD's claim that Supreme Court improperly denied its motion for a directed verdict against Brownell for common-law indemnification is without merit. The testimony failed to show that BBLD did not supervise the work site, as BBLD asserted. BBLD's supervisor testified that he inspected the work of Brownell's employees and was responsible, in part, for the safety of all the workers at the site. He also gave plaintiff permission to use the ladder involved in the accident. Further, it was BBLD's duty to remove the dirt which made the ground where the ladder was placed uneven. Thus, a question of fact existed as to whether BBLD's liability could be based on its own negligence in supervising the work site or whether its liability was purely statutory (*see,* CPLR 4401; *Kelly v Diesel Constr. Div. of Carl A. Morse,* 35 NY2d 1, 5; *see also, Smith v Cassadaga Val. Cent. School Dist.,* 178 AD2d 955, 957; *Kozerski v Deer Run Homeowners Assn., supra,* at 843).

We reject Brownell's contention that the jury's award of future lost earnings, future pain and suffering, and the derivative damages of Patricia Severino were excessive. Plaintiffs provided expert testimony giving the jury an adequate basis for calculating plaintiff's future losses of earnings and for pain and suffering, and the awards considering permanency were reasonable and not excessive (*see, Inya v Ida Hyundai, Inc.,* 209 AD2d 1015; *Blyskal v Kelleher,* 171 AD2d 718, 718-719). Notably, Supreme Court saw and heard the witnesses and refused to downwardly adjust the award for future pain and suffering (*see, Van Deusen v Norton Co.,* 204 AD2d 867, 870-871). We also find that the derivative award was supported by adequate evidence and not excessive (*see, Santucci v Govel Welding,* 168 AD2d 845, 846).

Brownell's argument that Supreme Court erroneously denied its motion to set aside the verdict because BBLD should have been found more than 20% liable for plaintiff's injuries is without merit. It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Krueger v Wilde,* 204 AD2d 988, 989). There was ample testimony from which the jury could find that Brownell was 80% liable for the injuries. Brownell was primarily responsible for installing the structural steel, had its own supervisor at the work site who was responsible for the safety of the Brownell crew and provided its own tools for its work. Thus, the jury's apportionment of damages between BBLD and Brownell is based on a valid line

of reasoning and should be upheld (*see, Cohen v Hallmark Cards, supra*).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, without costs.