■ JAMES R. POTTER et al., Plaintiffs, v M.A. BONGIOVANNI, INC., Third-Party Plaintiff-Respondent, et al., Defendant. SWEET ASSOCIATES, INC., Third-Party Defendant-Appellant. [707 NYS2d 689] —Graffeo, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered June 14, 1999 in Otsego County, which, *inter alia*, granted third-party plaintiff's motion for summary judgment seeking a conditional order of indemnification against third-party defendant.

This case arises out of injuries sustained by plaintiff James R. Potter (hereinafter plaintiff) while he was performing masonry work for third-party defendant, Sweet Associates, Inc. At the time of the accident, defendant M.A. Bongiovanni, Inc. was the general contractor of the construction project, with Sweet performing as a subcontractor.

Plaintiff commenced this action against Bongiovanni and a prime contractor, defendant Roundout Electric, Inc., alleging that the accident was a result of their respective negligence and violations of Labor Law § 200 (1), § 240 (1) and § 241 (6). Seeking contractual and common-law indemnification, Bongiovanni thereafter commenced a third-party action against Sweet and moved for summary judgment. In its cross motion for summary judgment, Sweet sought dismissal of Bongiovanni's third-party complaint. Supreme Court determined that the indemnification provision of the contract between Sweet and Bongiovanni was not void under General Obligations Law § 5-322.1 (1) and, therefore, granted Bongiovanni's motion and denied Sweet's cross motion. Sweet now appeals.

It is well settled that a construction agreement containing an indemnification clause requiring the promisor to indemnify the promisee in relation to liability arising out of injuries caused by the negligence of the promisee is against public policy and unenforceable (*see*, General Obligations Law § 5-322.1 [1]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 794; *Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 842-843). However, an indemnity clause is enforceable where the contractor is found to have been free from negligence, and liability is merely imputed or vicarious (*see*, *Severino v Schuyler Meadows Club*, 225 AD2d 954, 956-957; *O'Brien v Key Bank*, 223 AD2d 830, 831; *Kozerski v Deer Run Homeowners Assn., supra*, at 843). Here, the indemnity agreement provides as follows:

"Sweet, regardless of any fault on the part of Bongiovanni or the degree thereof, and even though the asserted or actual liability may arise solely on account of the Contract, agrees to:

"(a) Indemnify and save Bongiovanni harmless from and

against any claim for damage * * * arising out of the negligent acts or omissions, or other culpable conduct of Sweet * * * [and]

"(d) Save Bongiovanni harmless from and against any loss, damage and expense, sustained or incurred by Bongiovanni by reason of any claim, suit, or proceeding."

To the extent that this clause purports to indemnify Bongiovanni with respect to its own negligence, it is in violation of General Obligations Law § 5-322.1 (1), and therefore void. However, should Bongiovanni be found to be free of negligence, its liability is purely vicarious and the clause requiring Sweet to indemnify Bongiovanni in connection to injuries arising out of Sweet's negligence shall be enforceable (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra,* at 795, n 5; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179; *Severino v Schuyler Meadows Club, supra,* at 956-957; *O'Brien v Key Bank, supra,* at 831). Because Bongiovanni, as the proponent of the summary judgment motion, did not meet its prima facie burden of demonstrating that no questions of fact exist with respect to its negligence, it was not entitled to an award of summary judgment. Specifically, Bongiovanni acknowledged that it was responsible for providing the lighting at the construction site and plaintiffs allege that the lighting installation was a proximate cause of the accident. While the indemnity agreement is clearly unenforceable with respect to Bongiovanni's own act of alleged negligence, it will be enforceable should a jury determine that Bongiovanni is free of negligence.

Next, Sweet argues that Bongiovanni's claims for common-law indemnity and contribution are barred because the alleged injuries to plaintiff do not qualify as "grave injuries". Third-party claims against employers are precluded pursuant to Workers' Compensation Law § 11 unless a third-party plaintiff can demonstrate that the plaintiff sustained a "grave injury", or where the right to contribution or indemnification is preserved in a written agreement entered into prior to the accident (*see,* Workers' Compensation Law § 11; *Majewski v Broadalbin-Perth Cent. School Dist.,* 231 AD2d 102, 104-105, *affd* 91 NY2d 577). Here, the record reveals that plaintiff did not sustain a "grave injury" and, consequently, Bongiovanni's common-law indemnification claim should have been dismissed.* The claim for contractual indemnification shall not be dismissed as it is a specifically enumerated exception to the

---

* Although the cross motion did not contain a copy of the answer as required by CPLR 3212 (b), because there is sufficient evidence in the record,

"grave injury" requirement (*see,* Workers' Compensation Law § 11).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as granted the motion and denied the cross motion in its entirety; motion denied and cross motion granted to the extent that partial summary judgment is awarded to third-party defendant and the common-law indemnification claim in the third-party complaint is dismissed; and, as so modified, affirmed.

in the exercise of our discretion we are considering the Workers' Compensation Law § 11 issue (*see, General Motors Acceptance Corp. v Albany Water Bd.,* 187 AD2d 894, 895, n).