■ RICHARD N. REISCH, Respondent, v AMADORI CONSTRUCTION Co., INC., et al., Appellants. [709 NYS2d 726] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a civil engineer employed by the New York State Department of Transportation, was in charge of a bridge

reconstruction project on Erie County Route 531. While inspecting the job site, he was injured when he slipped and fell off a crude plank ramp leading from a bridge abutment to ground level over an excavation. He commenced this action against defendant Amadori Construction Co., Inc. (Amadori), the general contractor, and defendant K & M Contracting & Supply Co., Inc., a subcontractor, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6).

Supreme Court granted that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim against Amadori. The court denied that part of Amadori's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim based upon 12 NYCRR 23-1.22 (b) (2) and (4). The court also denied in part defendants' motions seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims.

Defendants contend that plaintiff may not invoke the protections of the Labor Law because he was not employed by an owner, contractor or agent thereof to perform construction or repair work. We disagree. Although there is evidence that the bridge was owned by Erie County, the State had a right-of-way and contracted with Amadori to have the work performed. The term "owners" as used in Labor Law §§ 240 and 241 "encompass[es] a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit" (*Copertino v Ward*, 100 AD2d 565, 566; *see, Mangiameli v Galante*, 171 AD2d 162, 163). Plaintiff's inspection work falls within the purview of the Labor Law because it was essential to the construction of the bridge (*see, Aubrecht v Acme Elec. Corp.*, 262 AD2d 994; *see also, Melber v 6333 Main St.*, 224 AD2d 995, 995-996, *revd on other grounds* 91 NY2d 759).

Amadori contends that Labor Law § 240 (1) does not apply here because plaintiff was not injured in a fall from an elevated worksite. We disagree. The ramp served the function of a ladder, permitting plaintiff to climb onto the bridge abutment from ground level. It is undisputed that the only other access to the bridge that day was a similar ramp at the far side of the bridge located a 10-mile drive away. "Because plaintiff sustained a gravity-related injury where a protective device was called for because of the elevation differential between the work site and a lower level * * * his accident falls squarely within the intended scope of Labor Law § 240" (*Lajeunesse v Feinman*, 218 AD2d 827, 828-829; *see, Jenkins v Board of Mgrs. of Southampton Meadows Condominium*, 269 AD2d 427; *Tom-*

lins v Siltone Bldg. Co., 267 AD2d 947; cf., Straight v McCarthy Bros. Co., 222 AD2d 775). We also reject Amadori's contention that, because plaintiff knew the plank was wet and complained about its safety before using it, there is an issue of fact whether the absence of safety devices was the sole proximate cause of plaintiff's injuries. "It is well settled that the [plaintiff's] contributory negligence is not a defense to a claim based on Labor Law § 240 (1)" (Stolt v General Foods Corp., 81 NY2d 918, 920; see also, Robinson v NAB Constr. Corp., 210 AD2d 86, 86-87).

Defendants contend that the court erred in denying those parts of their motions seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims because they did not supervise or control plaintiff's work. Plaintiff's account of the accident, however, establishes that a dangerous condition on the premises arising from the defective ramp caused the accident and thus supervision or control of plaintiff's work is not at issue (see, Sponholz v Benderson Prop. Dev., 273 AD2d 791 [decided herewith]; Farrell v Okeic, 266 AD2d 892; cf., Lombardi v Stout, 80 NY2d 290, 295). Defendants also contend that those claims should have been dismissed because plaintiff cannot identify the party responsible for placement of the ramp. In seeking summary judgment, however, defendants had the initial burden "to make a prima facie showing of entitlement to judgment as a matter of law by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars" (Balnys v Town of New Baltimore, 160 AD2d 1136). The bill of particulars alleges that defendants provided the ramp, and neither defendant came forward with competent proof refuting that allegation. The failure of defendants to make a prima facie showing of entitlement to judgment as a matter of law "requires denial of the motion[s], regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Additionally, we reject defendants' contention that those claims should have been dismissed because the allegedly dangerous condition was readily observable (see, Ditz v Myriad Constrs., 269 AD2d 874; see also, Crawford v Marcello, 247 AD2d 907; Morgan v Genrich, 239 AD2d 919).

Amadori further contends that the Labor Law § 241 (6) claim should have been dismissed insofar as it is based on 12 NYCRR 23-1.22 (b) (2) because that regulation establishes only a general safety standard (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). To the extent that the regulation mandates that ramps "be at least 18 inches in width" and "at least two inches thick," it is sufficiently specific to support a

Labor Law § 241 (6) claim. We agree with Amadori, however, that the thickness of the ramp had nothing to do with the accident, and thus we modify the order by granting that part of Amadori's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the 12 NYCRR 23-1.22 (b) (2) thickness requirement. Finally, we reject Amadori's contention that the Labor Law § 241 (6) claim should have been dismissed insofar as it is based on 12 NYCRR 23-1.22 (b) (4). That regulation sets forth a safety railing requirement and, contrary to Amadori's contention, there is an issue of fact whether it is applicable here. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.