■ MICHAEL MISSICO et al., Respondents, v TOPS MARKETS, INC., et al., Appellants, et al., Defendant. [758 NYS2d 890] —Appeal from an order of Supreme Court, Erie County (Martoche, J.), entered June 5, 2002, which, inter alia, granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Michael Missico (plaintiff) when he fell from a plywood ramp 10 to 12 feet in length that connected a loading dock to a garbage dumpster. The ramp was 4 to 5 feet high at the loading dock and 8 to 10 feet high at the dumpster. The ramp gave way while plaintiff was pushing a wheelbarrow filled with debris up the ramp for disposal in the dumpster. Supreme Court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim and denied the cross motion of Tops Markets, Inc. and Benderson-French Associates, LLC (collectively, defendants) for partial summary judgment dismissing that claim. Contrary to defendants' contention, plaintiff was subjected to an elevation-related risk because the ramp was a "tool used in the performance of the plaintiff's work" and was not merely a passageway from one place of work to another (*Ryan v Morse Diesel,* 98 AD2d 615, 616 [1983]; *see McCann v Central Synagogue,* 280 AD2d 298 [2001]; *Reisch v Amadori Constr. Co.,* 273 AD2d 855, 856-857 [2000]; *Jablonski v Everest Constr. & Trade Corp.,*

264 AD2d 381 [1999]; *cf. Straight v McCarthy Bros. Co.*, 222 AD2d 775 [1995]). Defendants' reliance on *DePuy v Sibley, Lindsay & Curr Co.* (225 AD2d 1069, 1070 [1996]) is misplaced. That case involved the removal of objects from the back of a truck and did not involve the extraordinary elevation-related risks envisioned by the statute (*see id.*).

Contrary to the further contention of defendants, "the task in which [plaintiff] was engaged [was] performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (*Martinez v City of New York,* 93 NY2d 322, 326 [1999]; *see Rivera v Squibb Corp.*, 184 AD2d 239, 240 [1992]) and thus is covered by Labor Law § 240 (1). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.