■ WILLIAM PARELLI et al., Plaintiffs, v TALBOT STORE et al., Defendants, and TUCCI CONSTRUCTION CORP., Defendant and

Third-Party Plaintiff-Respondent. DRYLINE INTERIORS, INC., Third-Party Defendant-Appellant. (And Two Related Third-Party Actions.) [765 NYS2d 372] —In an action to recover damages for personal injuries, etc., the second third-party defendant, Dryline Interiors, Inc., appeals from (1) a judgment of the Supreme Court, Westchester County (Coppola, J.), dated June 11, 2002, and (2) so much of an amended judgment of the same court entered July 9, 2002, as, upon the granting of the motion of the defendant second third-party plaintiff, Tucci Construction Corp., for a directed verdict, made at the close of evidence, is in favor of Tucci Construction Corp. and against it in the principal sum of $299,463.22.

Ordered that the appeal from the judgment is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of contractual indemnification.

The plaintiff William Parelli (hereinafter the plaintiff) was injured when the ladder he was standing on collapsed. At the time of the collapse, the plaintiff, a union carpenter, was employed by the appellant, Dryline Interiors, Inc. (hereinafter Dryline). Dryline had subcontracted with the respondent, Tucci Construction Corp. (hereinafter Tucci), the general contractor, to perform work in the Eastchester store of the defendant Talbot Stores, Inc., sued herein as Talbot Store (hereinafter Talbot). After the plaintiffs were awarded judgment against Talbot, eventually resulting in judgment over against Tucci, there was a jury trial between Tucci and Dryline to determine whether Dryline was liable to indemnify Tucci under the subcontract between them.

After the close of evidence, but before the matter was submitted to the jury, the Supreme Court granted Tucci's motion for a directed verdict on the issue of contractual indemnification. This was error. At trial, the plaintiff testified that when he approached Tucci's project superintendent to complain that the subject ladder was defective, the project superintendent told him, in effect, to use it. This was sufficient to show the existence of triable factual questions as to (1) whether Tucci, through its project superintendent, exercised sufficient control over the work site so as to impose liability on it for injuries to another contractor's employee, (2) whether the project superintendent's action was negligent, and, if so, (3) whether that action was a proximate cause of the accident. Since affirmative findings of these questions would preclude Tucci from entitle-

ment to contractual indemnification (*see* General Obligations Law § 5-322.1; *Kozerski v Deer Run Homeowners Assn.,* 217 AD2d 841, 842-843 [1995]), the Supreme Court erred in granting Tucci's motion for a directed verdict on the issue of indemnification.

Tucci's remaining contentions are without merit or need not be reached in light of this determination. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.