[774 NYS2d 225]

Daniel J. Paul, Respondent, v Ryan Homes, Inc., Appellant and Third-Party Plaintiff. Color Coatings, Inc., Third-Party Defendant-Appellant. (Appeal No. 2.)

Fourth Department, March 19, 2004

APPEARANCES OF COUNSEL

*Rodgers & Coppola, LLP*, Buffalo (*Patricia S. Walker* of counsel), for Defendant-Appellant.

*Brown & Kelly, LLP*, Buffalo (*Andrew D. Merrick* of counsel), for Third-Party Defendant-Appellant.

*Lewis & Lewis, P.C.*, Buffalo (*Allan M. Lewis* of counsel), for Plaintiff-Respondent.

## OPINION OF THE COURT

PIGOTT, JR., P.J.

The primary issue before us on this appeal is whether Supreme Court erred in denying that part of the motion of defendant and third-party plaintiff, Ryan Homes, Inc. (Ryan Homes), and the cross motion of third-party defendant, Color Coatings, Inc. (Color Coatings), seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and in granting the cross motion of plaintiff for partial summary judgment on liability on that cause of action. We conclude that plaintiff is not entitled to partial summary judgment on liability on the section 240 (1) cause of action and that the court erred in denying that part of the motion of Ryan Homes and the cross motion of Color Coatings seeking summary judgment dismissing it.

The underlying facts are essentially undisputed. Ryan Homes hired Color Coatings to paint houses that were under construction. On July 5, 2000, plaintiff, who was employed by Color Coatings as a painter, was working at a residential job site owned by Ryan Homes. Plaintiff was carrying a five-gallon bucket of paint and attempted to enter the house under construction through the attached garage by using an unsecured plank. The plank was approximately 8 to 10 feet long and 12 inches wide and served as a ramp between the garage floor and the threshold of the door to the house. Plaintiff injured his right knee when the plank tipped, causing him to fall to the concrete floor.

Plaintiff commenced this action against Ryan Homes asserting causes of action for common-law negligence and violations of Labor Law § 240 (1) and § 241 (6), and Ryan Homes commenced a third-party action against Color Coatings for contractual indemnification.

In seeking partial summary judgment on liability pursuant to Labor Law § 240 (1), plaintiff contended that he was exposed to

an elevation-related danger; that the narrow, unsecured plank proved inadequate to shield him from harm associated with falls from elevated areas; and that the lack of any safety device was the cause of his injuries.

It is, of course, well established that the protection of Labor Law § 240 (1) applies to tasks that "entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). In addition, it is well established that section 240 (1) is to be construed as liberally as necessary to effectuate its purpose (*see id.* at 513). The hazards contemplated by that section are "those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*id.* at 514).

The Court of Appeals further defined the scope of section 240 (1) when it wrote that the special hazards referred to in that section were "limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Melber v 6333 Main St.*, 91 NY2d 759, 763 [1998]).

The primary issue on this appeal is whether plaintiff's fall from an unsecured plank is the type of accident that is afforded the protection of Labor Law § 240 (1). Previous cases involving falls from planks come within one of two categories: those in which the plank was used as a passageway or stairway, and those in which the plank served as the functional equivalent of a scaffold, ladder or other device enumerated in the statute. When the plank has been used as a passageway or stairway, section 240 (1) has been held not to apply (*see Kavanaugh v Marrano/Marc Equity Corp.*, 225 AD2d 1037 [1996] [plank served as a temporary stairway and thus the Labor Law § 240 (1) cause of action should have been dismissed]; *DeStefano v Amtad N.Y.*, 269 AD2d 229 [2000] [ramp that rose to a height of 12 inches, positioned at the building entrance, did not present an elevation hazard]; *Straight v McCarthy Bros. Co.*, 222 AD2d 775 [1995] [plank that ran from the doorway to the ground was used as a passageway for laborers to transport materials and

debris at the work site and was not used as a ladder, scaffold, hoist or other safety device for the benefit of plaintiff worker]; *DePuy v Sibley, Lindsay & Curr Co.*, 225 AD2d 1069 [1996] [fall from a ramp that extended from the truck bed to the ground is not the kind of fall intended to be covered by Labor Law § 240 (1)]).

On the other hand, when the plank has served as the functional equivalent of a scaffold, ladder or other device enumerated in the statute, then section 240 (1) has been held to apply (*see Missico v Tops Mkts.*, 305 AD2d 1052, 1052 [2003] [ramp was a tool used in the performance of the work performed by plaintiff worker and "was not merely a passageway from one place of work to another"]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [2000] [ramp "served the function of a ladder, permitting plaintiff to climb onto the bridge abutment from ground level"]).

We agree with Ryan Homes and Color Coatings that the plank in the instant case was not "a 'tool used in the performance of the plaintiff's work' " but rather was "merely a passageway from one place of work to another" (*Missico*, 305 AD2d at 1052). Indeed, plaintiff testified at his deposition that he used the plank as a passageway to enter the house, and there is no evidence in the record before us that the plank was used as a scaffold, ladder or other device enumerated in the statute. We therefore conclude that Ryan Homes and Color Coatings established their entitlement to judgment as a matter of law with respect to the Labor Law § 240 (1) cause of action, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We have examined the remaining contentions of Ryan Homes with respect to the common-law negligence and Labor Law § 241 (6) causes of action and conclude that they are lacking in merit.

Accordingly, we conclude that the amended order should be modified by granting the motion of Ryan Homes in part, granting the cross motion of Color Coatings, dismissing the Labor Law § 240 (1) cause of action and denying plaintiff's cross motion.

GREEN, HURLBUTT, GORSKI and LAWTON, JJ., concur.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified, on the law, by

granting the motion in part, granting third-party defendant's cross motion, dismissing the Labor Law § 240 (1) cause of action and denying plaintiff's cross motion and, as modified, the amended order is affirmed, without costs.