■ ANGEL MEDINA, Respondent, v MSDW 140 BROADWAY PROPERTY, L.L.C., et al., Appellants. [786 NYS2d 152]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 24, 2003, which, in an action by a window washer against a building owner and the company that installed and maintained the window washing rig from which plaintiff fell, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

The window washing rig, which moves around the building on rails, consists of a carriage with five or six permanently affixed metal steps on one of its sides leading up to a scaffold in the carriage on which the worker stands when washing windows. Plaintiff alleges that he went up to the roof of the building where the rig was stored, and, as he was climbing the steps to get to the scaffold, the handrail broke, causing him to fall four feet to the roof floor. The steps, which were the only means of gaining access to the elevated site where plaintiff was to perform his work, are a "device" within the meaning of Labor Law § 240 (1) (*see Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003], and cases cited therein). Defendant rigging company, which contracted with defendant owner to provide and regularly inspect and maintain the rig, is the owner's "agent" within the meaning of the same statute (*see Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 776-777 [1987]). Defendants' claims that issues of fact exist as to whether plaintiff fell off the rig and whether the handrail was defective, and that plaintiff's motion for partial summary judgment should have been denied

because he failed to attach a copy of the pleadings, are improperly raised for the first time on appeal (*see Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]; *Patino v Lockformer Co.*, 303 AD2d 731, 733 [2003]), and we decline to review them. Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.