■ LEIGH AMES et al., Appellants, v NORSTAR BUILDING CORPORATION et al., Respondents. [796 NYS2d 784]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 5, 2004. The order, among other things, granted that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim and denied plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Leigh Ames (plaintiff) while entering a building under construction from which he was to remove debris. The threshold of the door to the building was approximately chest high and no stairs, ladder or other device to assist plaintiff in gaining access to the building was provided. Contrary to the contention of plaintiffs, Supreme Court properly granted that part of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim. Section 240 (1) applies to situations entailing risks due to the elevation at which the task must be performed or at which materials must be positioned and situations that entail hazards directly related to the effects of gravity where protective devices are needed "either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see also Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993];

*Paul v Ryan Homes*, 5 AD3d 58, 60 [2004]). Although some of the devices enumerated in section 240 (1) are for the use or "protection of persons in gaining access to . . . sites where elevation poses a risk" (*Rocovich*, 78 NY2d at 514), plaintiff's fall from the threshold of the doorway is not the type of accident covered by section 240 (1). We reach that conclusion because, under the circumstances of this case, the first floor of the house is not an elevated work site (*cf. Griffin v MWF Dev. Corp.*, 273 AD2d 907, 907-908 [2000]). "[A] work site is 'elevated' within the meaning of the statute where the required work itself must be performed at an elevation, i.e., at the upper elevation differential, such that one of the devices enumerated in the statute will safely allow the worker to perform the task" (*D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 765 [2000], *lv denied* 95 NY2d 765 [2000]). The bed of a truck is not an elevated work site, so that workers who fall while trying to climb into the truck are not entitled to relief under Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]; *Piccolo v St. John's Home for the Aging*, 11 AD3d 884, 885 [2004]; *see also Plump v Wyoming County*, 298 AD2d 886, 886-887 [2002]; *Tillman v Triou's Custom Homes*, 253 AD2d 254, 257 [1999]). The reasoning of those cases is applicable here.

Contrary to the further contention of defendants, we conclude that, even if plaintiff had intended to transport loads of material from the building to his truck instead of throwing the debris on the ground and then loading his truck, any device placed between the doorway and the ground would have served as a passageway to transport materials and thus Labor Law § 240 (1) would not have applied (*see Paul*, 5 AD3d at 60-61).

Defendants did not cross-appeal from that part of the order denying that part of their motion seeking summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims. While we have the power pursuant to CPLR 3212 (b) to grant summary judgment to a nonmoving party where the issue was presented by the motion (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]), defendants here moved unsuccessfully for the relief now sought. In the absence of a cross appeal, we cannot reach the issue (*see Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865, 866 [2002]).

All concur except Gorski and Lawton, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Gorski and Lawton, JJ. (dissenting in part). We respectfully dissent in part. Contrary to the majority, we believe that defendants' failure to make a prima facie showing of entitle-

ment to judgment as a matter of law with respect to the Labor Law § 240 (1) claim requires denial of that part of defendants' motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Neither do we concur with the conclusion of the majority that the accident of Leigh Ames (plaintiff) "is not the type of accident covered by [Labor Law §] 240 (1)." There is no dispute that plaintiff was a construction worker working at a construction site at the time of the alleged accident, and as such plaintiff is entitled to the protection of section 240 (1) (*see generally Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995], *rearg denied* 87 NY2d 969 [1996]).

Plaintiff alleges that his duties required him to work at an elevated height and that, as he was attempting to gain access to his work site, he fell and suffered severe injuries. Although the majority candidly acknowledges that "some of the devices enumerated in section 240 (1) are for the use or 'protection of persons in gaining access to . . . sites where elevation poses a risk,'" it denies liability in this case by concluding as a matter of law that the elevated threshold of a doorway to the first floor of the building is not an elevated work site, likening it to the bed of a truck. The majority's reasoning does not withstand historical scrutiny with prior decisions of this Court (*see Paul v Ryan Homes*, 5 AD3d 58, 61 [2004]; *Reisch v Amadori Constr. Co.*, 273 AD2d 855, 856 [2000]; *Szopinski v MJ Mech. Servs.*, 217 AD2d 906, 906-907 [1995], *appeals dismissed* 87 NY2d 861 [1995]) and other courts (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514 [1991]; *Medina v MSDW 140 Broadway Prop., L.L.C.*, 13 AD3d 67 [2004]; *Priestly v Montefiore Med. Center/Einstein Med. Ctr.*, 10 AD3d 493, 494 [2004]; *Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003]; *Wescott v Shear*, 161 AD2d 925 [1990], *appeal dismissed* 76 NY2d 846 [1990]). While the foregoing cases dealt primarily with defective ladders that led to work sites, it defies logic to hold in this case as a matter of law that no violation of Labor Law § 240 (1) exists for the failure to provide any ladder or other suitable alternate device as required to gain safe access to a work site (*see Ewing v ADF Constr. Corp.*, 16 AD3d 1085, 1086 [2005]).

Defendants' moving papers failed to establish as a matter of law that the height differential between the ground and the threshold of the door did not require a ladder or other suitable alternate device from which plaintiff could gain safe access to the work site. Likewise, defendants' moving papers failed to establish as a matter of law that ladders or suitable alternate methods of access were available to plaintiff and that plaintiff's

failure to employ those alternate methods was the sole cause of plaintiff's injury (*cf. Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]). Consequently, defendants are not entitled to summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim, and we would modify the order accordingly. In all other respects, we concur with the majority. Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.