■ KEITH ALESIUS et al., Plaintiffs, v GOOD SAMARITAN HOSPITAL MEDICAL AND DIALYSIS CENTER et al., Defendants and Third-Party Plaintiffs-Appellants. H.T. STEEL ERECTORS, INC., Third-Party Defendant-Respondent. [806 NYS2d 635]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), dated July 2, 2004, as granted the cross motion of the third-party defendant for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the third-party cause of action for contractual indemnification is reinstated.

Pursuant to General Obligations Law § 5-322.1, a clause in a construction contract which purports to indemnify a party for its own negligence is void (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786 [1997]; *Caruso v Inhilco, Inc.,* 2 AD3d 662 [2003]; *Carriere v Whiting Turner Contr.,* 299 AD2d 509 [2002]), but the clause may nevertheless be enforced where the party to be indemnified is found to be free of any negligence (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172 [1990]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra*). The third-party defendant failed to establish its entitlement to judgment as a matter of law, and its cross motion for summary judgment dismissing the third-party cause of action for contractual indemnification should have been denied (*see Brennan v R.C. Dolner, Inc.,* 14 AD3d 639 [2005]; *Marano v Commander Elec., Inc.,* 12 AD3d 571 [2004]; *Kozerski v Deer Run Homeowners Assn.,* 217 AD2d 841 [1995]; *see also Parelli v Talbot Store,* 308 AD2d 569 [2003]). There are triable issues of fact as to whether the defendant third-party-plaintiff was negligent and, if so, whether its negligence was the proximate cause of the plaintiff's alleged injuries, based upon the conflict-

ing deposition testimony regarding the condition of the floor of the job site at the time of the accident. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.