■ Douglas Mark Jaehn, Respondent, v Lahr Construction Corp., Doing Business as LeCesse Construction Company, et al., Appellants, et al., Defendant. Lahr Construction Corp., Doing Business as LeCesse Construction Company, et al., Third-Party Plaintiffs, v Gregory J. Young et al., Doing Business as Peterson-Young, et al., Third-Party Defendants-Appellants. (Appeal No. 2.) [824 NYS2d 541]—

Appeals from an amended order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered November 23, 2005 in a personal injury action. The amended order, among other things, granted those parts of plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendants Lahr Construction Corp., doing business as LeCesse Construction Company, Winchester Construction Corp., Cloverwood Senior Living, Inc., and Rochester Friendly Senior Services.

It is hereby ordered that the amended order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell while working on a construction project. Plaintiff and his supervisor had detached a prefabricated interior staircase from the building and were repositioning it. While plaintiff was holding its upper end, the staircase abruptly fell into the stairwell and plaintiff fell on top of it, sustaining injuries. Lahr Construction Corp., doing business as LeCesse Construction Company, Winchester Construction Corp., Cloverwood Senior Living, Inc., and Rochester Friendly Senior Services (defendants) and third-party defendants appeal from an amended order that, inter alia, granted those parts of plaintiff's motion for partial summary judgment

on the issue of liability under Labor Law § 240 (1) against those defendants.

Supreme Court properly granted those parts of plaintiff's motion for partial summary judgment. A "work site is 'elevated' within the meaning of [Labor Law § 240 (1)] where the required work itself must be performed at an elevation, i.e., at the upper elevation differential, such that one of the devices enumerated in the statute will safely allow the worker to perform the task" (*Ames v Norstar Bldg. Corp.*, 19 AD3d 1016, 1017 [2005] [internal quotation marks omitted]). Here, defendants were required to utilize one or more of the safety devices enumerated in the statute "because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Having failed to provide any safety device, defendants are liable for the injuries that resulted from that failure (*see Partridge v Waterloo Cent. School Dist.*, 12 AD3d 1054, 1055 [2004]).

All concur, Kehoe, J., not participating. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.