Kind v 1177 Ave. of the Ams. Acquisitions, LLC (2019 NY Slip Op 00029)





Kind v 1177 Ave. of the Ams. Acquisitions, LLC


2019 NY Slip Op 00029


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7984 151273/13

[*1]Steven Kind, et al., Plaintiffs-Appellants,
v
1177 Avenue of the Americas Acquisitions, LLC, et al., Defendants-Respondents.


LaRock & Perez, LLP, New York (Lawrence B. Goodman of counsel), for appellants.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin Gonson of counsel), for 1177 Avenue of the Americas Acquisitions, LLC, 1177 Avenue of the Americas Holdings, LLC, Silverstein Metro Fund, LLC, Metro Fund, LLC, and Silverstein Properties, Inc., respondents.
Wade Clark Mulcahy LLP, New York (Georgia G. Coats of counsel), for Titanium Scaffold Services, LLC, respondent.



Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 20, 2017, which denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs established entitlement to judgment as a matter of law in this action where plaintiff Steven Kind was injured when one end of a scaffold that he and a coworker were using to wash exterior windows on a building dropped out from under him and the scaffold came to rest at an angle, causing everything in it to crash down on him. The tilting or collapse of the scaffold was prima facie evidence of a violation of Labor Law § 240(1) (see Jamison v GSL Enters., 274 AD2d 356, 360 [1st Dept 2000]; Aragon v 233 W. 21st St., 201 AD2d 353, 354 [1st Dept 1994]), and plaintiffs were not required to demonstrate a specific defect (see Arnaud v 140 Edgecomb LLC, 83 AD3d 507 [1st Dept 2011]).
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff's actions were the sole proximate cause of the accident. The conclusion of the Department of Labor investigator that the scaffold tilted because plaintiff and his coworker caused a safety line to become caught in a spool for the scaffold's suspension cables was speculation unsupported by the evidence (see Arce v 1133 Bldg. Corp., 257 AD2d 515 [1st Dept 1999]). Furthermore, defendant Titanium Scaffold Services, Inc., which contracted to maintain the scaffold, was an agent for
purposes of the Labor Law (see Medina v MSDW 140 Broadway Prop., L.L.C., 13 AD3d 67 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK