■ JOHN WAGNER et al., Appellants-Respondents, v BARNEY SKANSKA CONSTRUCTION CO., INC., Defendant and Third-Party

Plaintiff-Appellant-Respondent. JACOBSON & COMPANY, INC., Third-Party Defendant-Respondent. [734 NYS2d 489] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated April 3, 2000, as denied their motion for summary judgment on the issue of liability under Labor Law § 240 (1), and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for partial summary judgment on its third-party complaint for contractual and common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs to the third-party defendant payable by the defendant third-party plaintiff.

To establish a prima facie case of liability under Labor Law § 240 (1), a plaintiff must establish that "the statute was violated and that this violation was a proximate cause of his or her injuries" (*Sprague v Peckham Materials Corp.,* 240 AD2d 392, 393). On their motion for summary judgment, the plaintiffs failed to establish that they are entitled to summary judgment under Labor Law § 240 (1) because they could not establish as a matter of law that (1) that provision was violated, and (2) that the injured plaintiff's actions were not the sole proximate cause of the accident (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958). Thus, the Supreme Court properly denied that motion.

The Supreme Court also properly denied the motion of the defendant third-party plaintiff for summary judgment on its indemnification claims, because it failed to establish as a matter of law that it was free of fault in the happening of the accident (*see, Terranova v City of New York,* 197 AD2d 402; *La Lima v Epstein,* 143 AD2d 886). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.