■ MICHAEL CARRIERE, Respondent, v WHITING TURNER CONTRACTING, Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. ACOUSTICS, LTD., Third-Party Defendant-Appellant-Respondent. [750 NYS2d 633] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of a judgment of the Supreme Court, Westchester County (DiBlasi, J., at liability trial; Bar-

one, J., at damages trial), dated August 15, 2001, as, upon a jury verdict on the issue of liability, finding it 25% at fault in the happening of the accident, the defendant third-party plaintiff 70% at fault, and the plaintiff 5% at fault, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sum of $214,622.72, is in favor of the defendant third-party plaintiff and against it in the principal sum of $203,891.59 (95% of $214,622.72), and the defendant third-party plaintiff cross-appeals from so much of the judgment as is in favor of the plaintiff and against them in the principal sum of $203,891.59 (95% of $214,622.72).

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof in favor of the defendant third-party plaintiff and against the third-party defendant in the principal sum of $203,891.59, and substituting therefor a provision dismissing the third-party cause of action for contractual indemnification and awarding the defendant third-party plaintiff contribution against the third-party defendant based upon the jury determination that the third-party defendant was 25% at fault in the happening of the accident; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment accordingly.

We note that to the extent that the defendant Federated Department Stores (hereinafter Federated) purports to join in the brief filed by the defendant third-party plaintiff, Whiting Turner Contracting (hereinafter Whiting), no notice of cross appeal was filed on behalf of Federated. Accordingly, so much of Whiting's brief as purports to raise issues on behalf of Federated has not been considered.

The evidence adduced at the trial established that the plaintiff fell through a portion of a plywood platform built by the third-party defendant, Westchester Acoustics, Ltd. (hereinafter Westchester), according to specifications provided by Whiting. Those specifications prescribed the use of plywood three-quarters of an inch thick in violation of 12 NYCRR 23-1.22 (b) (3). At the conclusion of the evidence, the trial court granted the plaintiff judgment as a matter of law against Whiting on his cause of action pursuant to Labor Law § 241 (6). The questions of Westchester's negligence and the plaintiff's comparative negligence were submitted to the jury. The jury apportioned 70% of the fault to Whiting, 25% to Westchester, and 5% to the plaintiff.

Subsequent to the trial, the court determined that West-

chester was liable for the full amount of the judgment against Whiting, pursuant to a contractual indemnification clause which provided that Westchester would indemnify Whiting for claims "arising in whole or in part and in any manner from the acts or omissions of [Westchester] in connection with the performance of this Agreement."

It is undisputed that a violation of Labor Law § 241 (6) occurred. The plaintiff established that the violation was a proximate cause of the accident and there was no evidence to the contrary. Accordingly, the trial court properly granted the plaintiff judgment as a matter of law on his cause of action based upon Labor Law § 241 (6) (*see Beckford v 40th St. Assoc.,* 287 AD2d 586). The issue of comparative negligence was properly left to the jury.

Whiting's third-party cause of action for contractual indemnification must be dismissed. General Obligations Law § 5-322.1 prohibits contractual indemnification where the promisee's negligence was responsible for the accident "in whole or in part." An indemnification contract which authorizes indemnification for the general contractor's own negligence is void as against public policy and unenforceable, even to the extent of the subcontractor's negligence (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795). General Obligations Law § 5-322.1 "makes no attempt to salvage that part of an indemnification contract that would require a subcontractor to indemnify a general for the subcontractor's negligence only" (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra* at 795).

The evidence adduced at the trial established that Whiting acted in concert with Westchester in negligently constructing and repairing the plywood platform. The jury found Whiting 70% at fault in the happening of the accident (*cf. Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Lazzaro v MJM Indus.,* 288 AD2d 440). The finding that Whiting was liable pursuant to Labor Law § 241 (6) was consistent with a finding of negligence. The court, in granting the plaintiff judgment as a matter of law against Whiting, held that Whiting's "negligence comes by virtue of the statutory provision of 241-6 of the labor law."

However, Whiting is entitled to contribution from Westchester based on Westchester's percentage of fault, which the jury determined was 25% (*see* CPLR 1402; *Mowczan v Bacon,* 92 NY2d 281).

The parties' remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.