■ CALOGERO CARUSO et al., Respondents, v INHILCO, INC., Defendant and Third-Party Plaintiff-Respondent. TRIAD PROJECT MANAGEMENT, INC., Third-Party Defendant-Appellant. [768 NYS2d 639]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 14, 2002, which, upon a jury verdict finding the defendant third-party plaintiff liable to the plaintiffs for a violation of Labor Law § 241 (6), granted the motion of the defendant third-party plaintiff for indemnification against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the third-party complaint is dismissed.

The defendant third-party plaintiff, Inhilco, Inc. (hereinafter Inhilco), was not entitled to contractual indemnification for its own negligence (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786 [1997]; *Carriere v Whiting Turner Contr.,* 299 AD2d 509 [2002]). The broad indemnity clause of Inhilco's contract with the third-party defendant, Triad Project Management, Inc. (hereinafter Triad), for any claims for bodily injury "that may arise from . . . operations under this Agreement" was illegal (*see Stottlar v Ginsburg Dev. Corp. ,* 89 NY2d 786 [1997]; *Carriere v Whiting Turner Contr., supra*).

Moreover, Inhilco failed to meet its burden of establishing its entitlement to common-law indemnification (*see Wagner v Skanska Const. Co.,* 289 AD2d 324 [2001]; *Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14,* 286 AD2d 744, 747 [2001]).

Further, since Inhilco settled with the plaintiffs without securing Triad's waiver of prohibition of contribution prior to an adjudication of damages, it was not entitled to contribution against Triad (*see* General Obligations Law § 15-108 [c]; *Mitchell v New York Hosp.*, 61 NY2d 208 [1984]; *Lunn v County of Nassau*, 115 AD2d 457 [1985]; *Makeun v State of New York*, 98 AD2d 583 [1984]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.