Georges v Resorts World Casino N.Y. City (2020 NY Slip Op 08042)





Georges v Resorts World Casino N.Y. City


2020 NY Slip Op 08042


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-14295
 (Index No. 501415/16)

[*1]Marie Rene Georges, plaintiff-respondent,
v
Resorts World Casino New York City, et al., defendants third-party plaintiffs-respondents-appellants, Elite Parking Area Maintenance, Inc., defendant- appellant-respondent, Elite Snow, Inc., defendant third-party defendant-appellant-respondent.


McGiff Halverson Dooley LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for defendant-appellant-respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for defendant third-party defendant-appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Joshua Cash, Stacey Seltzer of counsel), for defendants third-party plaintiffs-respondents-appellants.
Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York, NY (Mitchell Silbowitz of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals, the defendant Elite Parking Area Maintenance, Inc., separately appeals, and the defendants third-party plaintiffs cross-appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 15, 2018. The order, insofar as appealed from by the defendant third-party defendant, denied its motion for summary judgment dismissing the amended complaint, all cross claims, and the third-party complaint insofar as asserted against it. The order, insofar as appealed from by the defendant Elite Parking Area Maintenance, Inc., denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the cross motion of the defendants third-party plaintiffs which were for summary judgment on the third-party cause of action alleging breach of contract for failure to procure insurance and their cross claim alleging breach of contract for failure to procure insurance.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant third-party defendant which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance and the cross claim of the defendants third-party plaintiffs alleging breach of contract for failure to procure insurance insofar as asserted against it, and substituting therefor a [*2]provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on their cross claim alleging breach of contract for failure to procure insurance insofar as asserted against the defendant Elite Parking Area Maintenance, Inc., and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant third-party defendant and the defendant Elite Parking Area Maintenance, Inc.
On March 6, 2015, the plaintiff allegedly was injured when she slipped and fell on snow and ice in a parking lot owned and operated by the defendants third-party plaintiffs, Resorts World Casino New York City (hereinafter Resorts World) and Genting Malaysia Berhad, also known as Genting New York, LLC (hereinafter Genting). In October 2013, Resorts World and the defendant Elite Parking Area Maintenance, Inc. (hereinafter Elite Parking), entered into an agreement whereby Elite Parking would perform certain snow removal services at the subject premises and would procure insurance naming, among others, Genting as an additional insured. In November 2014, Elite Parking entered into a "Subcontractor Agreement" with the defendant third-party defendant, Elite Snow, Inc. (hereinafter Elite Snow), whereby Elite Snow agreed to perform Elite Parking's snow removal services at the premises and to procure the required insurance.
In 2016, the plaintiff commenced this personal injury action against Resorts World, Genting, and Elite Parking. Resorts World and Genting commenced a third-party action against Elite Snow, and Elite Snow was subsequently added as a defendant in the main action. Thereafter, Elite Snow moved for summary judgment dismissing the amended complaint, all cross claims, and the third-party complaint insofar as asserted against it. Elite Parking separately moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Resorts World and Genting cross-moved, inter alia, for summary judgment on the third-party cause of action alleging breach of contract for failure to procure insurance and their cross claim alleging breach of contract for failure to procure insurance. The Supreme Court denied the motions and the cross motion. Elite Snow and Elite Parking separately appeal, and Resorts World and Genting cross-appeal.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, there are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]).
Here, Elite Snow and Elite Parking each failed to make a prima facie showing that, among other things, the snow-removal efforts undertaken did not create or exacerbate the allegedly dangerous condition on the premises (see Schwint v Bank St. Commons, LLC, 74 AD3d 1312, 1313). Accordingly, we agree with the Supreme Court's determination to deny those branches of the separate motions of Elite Snow and Elite Parking which were for summary judgment dismissing the amended complaint insofar as asserted against each of them, regardless of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of Elite Snow's motion which was for summary judgment dismissing third-party cause of action alleging breach of contract for failure to procure insurance and the cross claim of Resorts World and Gentry alleging breach of contract for failure to procure insurance insofar as asserted against it. Elite Snow established, prima facie, that it procured the requisite insurance, and no triable issue of fact was raised in opposition (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1098).
Further, the Supreme Court should have granted that branch of the cross motion of [*3]Resorts World and Genting which was for summary judgment on their cross claim alleging breach of contract for failure to procure insurance insofar as asserted against Elite Parking. Resorts World and Genting established, prima facie, that Elite Parking failed to comply with its contractual obligation to obtain the insurance required, as its insurance policy expressly excluded snow removal or plowing operations (see Baillargeon v Kings County Waterproofing Corp., 91 AD3d 686, 689). In opposition, Elite Parking failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court