Meadowbrook Pointe Dev. Corp. v F&G Concrete & Brick Indus., Inc. (2023 NY Slip Op 01669)

Meadowbrook Pointe Dev. Corp. v F&G Concrete & Brick Indus., Inc.

2023 NY Slip Op 01669

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-04703
 (Index Nos. 602239/18, 602607/18)

[*1]Meadowbrook Pointe Development Corp., et al., appellants-respondents,
v F & G Concrete & Brick Industry, Inc., et al., respondents-appellants. (Action No. 1.)
Total Community Management Corp., et al., respondents,
v
F & G Concrete & Brick Industry, Inc., et al., appellants. (Action No. 2.)

Camacho Mauro Mulholland, LLP, New York, NY (Rachel M. Smith of counsel), for appellants-respondents.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Patrick H. Thompson and Robert C. Baxter of counsel), for F & G Concrete & Brick Industry, Inc., respondent-appellant in Action No. 1 and appellant in Action No. 2.
Farber Brocks & Zane, LLP, Garden City, NY (Audra S. Zane and Joseph K. Poe of counsel), for Merchants Mutual Insurance Co., respondent-appellant in Action No. 1 and appellant in Action No. 2.
O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Aimee D. Drexler and Eileen M. Baumgartner of counsel), for respondents.

DECISION & ORDER
In two related actions, inter alia, for common-law and contractual indemnification, and judgments declaring the parties' responsibilities under a liability insurance policy concerning an action entitled Rose v Meadowbrook Pointe Development Corp., commenced in the Supreme Court, Nassau County, under Index No. 12031/14, the plaintiffs in Action No. 1, Meadowbrook Pointe Development Corp. and Beechwood Contracting, LLC, appeal, and the defendants in both actions, F & G Concrete & Brick Industry, Inc., and Merchants Mutual Insurance Co., separately cross-appeal, from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered May 14, 2020. The order, insofar as appealed from, denied that branch of the cross-motion of Meadowbrook Pointe Development Corp. and Beechwood Contracting, LLC, which was for summary judgment on the issue of liability on their cause of action for contractual indemnification asserted against the defendant F & G Concrete & Brick Industry, Inc., and declaring that the defendant Merchants Mutual Insurance Co. is obligated to defend and indemnify them in the underlying action. The order, insofar as cross-appealed from by the defendant F & G Concrete & Brick Industry, Inc., denied those branches of its separate motions (one in each action) which were for summary judgment dismissing each complaint insofar as asserted against it and declaring that it owed no duty to defend or indemnify Meadowbrook Pointe Development Corp., Beechwood Contracting, LLC, Total [*2]Community Management Corp., and Meadowbrook Pointe Homeowners Association, Inc., in the underlying action. The order, insofar as cross-appealed from by the defendant Merchants Mutual Insurance Co., denied its separate motions (one in each action) for summary judgment dismissing each complaint insofar as asserted against it and declaring that Meadowbrook Pointe Development Corp., Beechwood Contracting, LLC, Total Community Management Corp., and Meadowbrook Pointe Homeowners Association, Inc., are not additional insureds under the subject liability insurance policy and that it does not have a duty to defend or indemnify Meadowbrook Pointe Development Corp., Beechwood Contracting, LLC, Total Community Management Corp., and Meadowbrook Pointe Homeowners Association, Inc., in the underlying action.
ORDERED that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motions of the defendant F & G Concrete & Brick Industry, Inc., which were for summary judgment dismissing the cause of action alleging breach of contract for failure to procure additional insured coverage in each action, and substituting therefor provisions granting those branches of the motions, (2) deleting the provision thereof denying that branch of the motion of the defendant Merchants Mutual Insurance Co. which was for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it by the plaintiff Total Community Management Corp., and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof denying that branch of the cross-motion of the plaintiffs Meadowbrook Pointe Development Corp. and Beechwood Contracting, LLC, which was for summary judgment declaring that the defendant Merchants Mutual Insurance Co. is obligated to defend them in the underlying action, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that (1) the plaintiff Total Community Management Corp. is not an additional insured under the subject liability insurance policy, (2) the defendant Merchants Mutual Insurance Co. owes no duty to defend or indemnify the plaintiff Total Community Management Corp. in the underlying action, and (3) the defendant Merchants Mutual Insurance Co. owes the plaintiffs Meadowbrook Pointe Development Corp. and Beechwood Contracting, LLC, a duty to defend them in the underlying action.
These related actions involve a dispute as to issues of indemnification and the duty to defend relating to an underlying personal injury action entitled Rose v Meadowbrook Pointe Development Corp., commenced in the Supreme Court, Nassau County, under Index No. 12031/14 (hereinafter the underlying action). The plaintiff in the underlying action allegedly slipped and fell in the parking garage of a condominium complex owned by Meadowbrook Pointe Development Corp. (hereinafter Meadowbrook). Meadowbrook, together with the general contractor for the condominium complex, Beechwood Contracting, LLC (hereinafter Beechwood), the property manager of the condominium complex, Total Community Management Corp. (hereinafter the property manager), and the homeowners association for the condominium complex, Meadowbrook Pointe Homeowners Association, Inc. (hereinafter the homeowners association), were named as defendants in the underlying action.
In February 2018, Meadowbrook and Beechwood commenced an action (hereinafter Action No. 1), and the property manager and the homeowners association commenced a separate action (hereinafter Action No. 2), which was joined with Action No. 1, against the defendant F & G Concrete & Brick Industry, Inc. (hereinafter F & G), a mason and concrete subcontractor which constructed a concrete slab in the garage of the condominium complex, and the defendant Merchants Mutual Insurance Co. (hereinafter Merchants), F & G's liability insurance carrier. The complaints in the two actions alleged, inter alia, that F & G's negligent construction of the concrete slab was the proximate cause of the injuries alleged in the underlying action, and asserted, among other things, causes of action sounding in breach of contract for failure to procure additional insured coverage, and common-law and contractual indemnification. The plaintiffs in both actions also sought a judgment declaring that Merchants owed a duty to defend and indemnify them in the underlying action as additional insureds under a liability insurance policy issued by Merchants to F & G pursuant to a contractual agreement between Meadowbrook, Beechwood, and F & G.
Following the close of discovery and the filing of the note of issue, F & G moved in each action for, among other things, summary judgment dismissing each complaint insofar as asserted against it and declaring that it owed no duty to defend or indemnify Meadowbrook, Beechwood, the property manager, or the homeowners association in the underlying action. Merchants also moved in each action for summary judgment dismissing the complaint insofar as asserted against it and declaring that Meadowbrook, Beechwood, the property manager, and the homeowners association are not additional insureds under the liability insurance policy Merchants issued to F & G, and that Merchants does not owe a duty to defend or indemnify those parties in the underlying action. Meadowbrook and Beechwood cross-moved in Action No. 1, inter alia, for summary judgment on the issue of liability on their contractual indemnification cause of action asserted against F & G and declaring that Merchants is obligated to defend and indemnify them in the underlying action. By order entered May 14, 2020, the Supreme Court denied those branches of F & G's motions, Merchants' motions, and those branches of the cross-motion. Meadowbrook and Beechwood appeal, and F & G and Merchants separately cross-appeal.
"'A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured'" (Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 984, quoting Trapani v 10 Arial Way Assoc., 301 AD2d 644, 647). Thus, a party seeking damages for breach of an agreement to procure insurance naming it as an additional insured must demonstrate that a contract provision required that such insurance be procured naming it as an additional insured and that the provision was not complied with (see Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 629; Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership, 304 AD2d 738, 739). Summary judgment dismissing a cause of action alleging failure to procure additional insured coverage is warranted where the movant demonstrates, prima facie, that it procured the requisite insurance (see Georges v Resorts World Casino N.Y. City, 189 AD3d 1549, 1551).
Here, F & G demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action in each action alleging failure to procure additional insured coverage by establishing that it procured the requisite insurance. In opposition to F & G's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of F & G's motions which were for summary judgment dismissing the cause of action in each action alleging failure to procure additional insured coverage (see id. at 1551; Aragundi v Tishman Realty & Constr. Co., Inc., 68 AD3d 1027, 1029).
"'In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident'" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752, quoting Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078-1079). A potential indemnitor is entitled to summary judgment dismissing a claim for common-law indemnification where the evidence demonstrates that the underlying injured party's accident was not solely due to its negligent performance or nonperformance of an act solely within its province (see Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 752; Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 544; Turner v Birchwood on the Green Owners Corp., 171 AD3d 1119, 1122).
Here, F & G failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the cause of action for common-law indemnification asserted against it in each action. The evidence submitted by F & G in support of both motions failed to eliminate all material issues of fact as to whether it negligently constructed the garage slab at issue in the underlying action, and whether its alleged negligence was a proximate cause of the accident (see Preciado v Ravins, 190 AD3d 991; Carter v Nouveau Indus., Inc., 187 AD3d 702; Grabowski v Board of Mgrs. of Avonova Condominium, 147 AD3d 913). Accordingly, those branches of F & G's motions which were for summary judgment dismissing the cause of action for common-law indemnification asserted against it in each action were properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Oliver v New York City Health & Hosps. Corp., 178 AD3d 1057).
"[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679 [internal quotation marks omitted]; see Gurewitz v City of New York, 175 AD3d 658, 664). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492). "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689).
Here, F & G's submissions failed to eliminate triable issues of fact as to whether it was contractually obligated to indemnify Meadowbrook, Beechwood, the property manager, and the homeowners association in the underlying action (see id. at 689). Accordingly, the Supreme Court properly denied those branches of F & G's motions which were for summary judgment dismissing the causes of action for contractual indemnification asserted against it in each action, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851).
Meadowbrook and Beechwood failed to eliminate triable issues of fact as to whether the accident at issue in the underlying action was caused in whole or in part by F & G's work on the concrete slab in the garage (see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 1000). Accordingly, the Supreme Court properly denied that branch of those plaintiffs' cross-motion which was for summary judgment on the issue of liability on their cause of action for contractual indemnification asserted against F & G, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851).
Merchants demonstrated, prima facie, that the property manager was not an additional insured on the liability policy that it issued to F & G by establishing that there was no agreement between F & G and the property manager requiring the former to include the latter as an additional insured under its liability insurance policy (see West 64th St., LLC v Axis U.S. Ins., 63 AD3d 471). In opposition, the property manager failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Merchants' motion which was for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against it by the property manager and declaring that Merchants owed no duty to defend or indemnify the property manager in the underlying action.
However, Merchants failed to demonstrate, prima facie, that Meadowbrook, Beechwood, and the homeowners association are not additional insureds under the liability policy it issued to F & G, or that it owed no duty to defend or indemnify those plaintiffs in the underlying action. Merchants failed to demonstrate, prima facie, that the alleged accident at issue in the underlying action was not proximately caused by negligent construction of the garage concrete slab by F & G, since it merely pointed to gaps in the plaintiffs' proof (see generally Iannucci v Kucker & Bruh, LLP, 161 AD3d 959). Further, Meadowbrook and Beechwood, in moving for summary judgment declaring that Merchants owed a duty to defend and indemnify them in the underlying action as additional insureds on the subject liability insurance policy, demonstrated, prima facie, that they are additional insureds under the policy (see Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co., 198 AD3d 888; Strauss Painting, Inc. v Mt. Hawley Ins. Co., 105 AD3d 512, mod 24 NY3d 578). Meadowbrook and Beechwood also demonstrated, prima facie, that Merchants owed a duty to defend them in the underlying action as additional insureds under the policy (see Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953-954; Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068; GMM Realty, LLC v St. Paul Fire & Mar. Ins. Co., 129 AD3d 909). In opposition, Merchants failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly denied those branches of Merchants' motions which were for summary judgment dismissing the complaints in each action insofar as asserted against it, and should have granted that branch of the cross-motion of Meadowbrook and Beechwood which was for summary judgment declaring that Merchants owed a duty to defend them in the underlying action as additional insureds on the subject liability insurance policy.
Merchants' remaining contention is without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that (1) the property manager is not an additional insured under the liability insurance policy issued by Merchants to F & G, (2) Merchants owes no duty to defend or indemnify the property manager in the underlying action, and (3) Merchants owes a duty to defend Meadowbrook and Beechwood in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court