Titov v V&M Chelsea Prop., LLC (2024 NY Slip Op 04221)

Titov v V&M Chelsea Prop., LLC

2024 NY Slip Op 04221

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2019-14080
 (Index No. 4710/13)

[*1]Alexander Titov, respondent-appellant, 
v
V & M Chelsea Property, LLC, et al., defendants, Fulton Landing, Inc., appellant-respondent, PMB Construction, Inc., defendant third-party defendant-respondent; NYC HVAC, Inc., third-party defendant-respondent, et al., third-party defendants.

Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for appellant-respondent.
Buzin & Berman, P.C., New York, NY (Mitchell L. Berman of counsel), for respondent-appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for defendant third-party defendant-respondent.
Perry, Van Etten, Rozanski & Primavera, LLP, New York, NY (Michael H. Glassman of counsel), for third-party defendant-respondent.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Timothy G. McNamara of counsel), for defendant third-party defendant Vladimir Soukhanov, doing business as VSB Construction.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 31, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant third-party plaintiff which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, granted that branch of the motion of the defendant third-party defendant PMB Construction, Inc., which was for summary judgment dismissing the cross-claims of the defendant third-party plaintiff insofar as asserted against it, and granted that branch of the motion of the third-party defendant NYC HVAC, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof [*2]granting those branches of the motion of the defendant third-party defendant PMB Construction, Inc., which were for summary judgment dismissing the cross-claims of the defendant third-party plaintiff alleging breach of contract for failure to maintain a safe workplace and for common-law indemnification insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant third-party plaintiff payable by the defendant third-party defendant PMB Construction, Inc., and one bill of costs to the third-party defendant NYC HVAC, Inc., payable by the defendant third-party plaintiff.
On January 22, 2013, the plaintiff allegedly was injured while working at a construction site as an employee of the third-party defendant NYC HVAC, Inc. (hereinafter NYCHVAC), a plumbing and air conditioning subcontractor. The plaintiff alleges that while he was descending a temporary staircase from the top floor to the floor below, he slipped on construction debris or dust. The defendant third-party plaintiff, Fulton Landing, Inc. (hereinafter Fulton), was the general contractor at the worksite. The defendant third-party defendant PMB Construction, Inc. (hereinafter PMB), was a carpentry subcontractor.
The plaintiff commenced this action against Fulton, among others, alleging, inter alia, violations of Labor Law §§ 241(6) and 200 and common-law negligence. Fulton thereafter commenced a third-party action against, among others, PMB and NYCHVAC, alleging, among other things, breach of contractual duty to procure insurance and seeking contractual indemnification. After the plaintiff filed a supplemental summons and amended complaint adding PMB as a defendant in the main action, Fulton asserted cross-claims against PMB, among others, for contractual and common-law indemnification and alleging breach of contract for failure to procure insurance and for failure to maintain a safe workplace.
In April 2019, PMB moved, inter alia, for summary judgment dismissing Fulton's cross-claims insofar as asserted against it. Fulton moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. NYCHVAC moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it.
In an order dated October 31, 2019, the Supreme Court, among other things, (1) granted that branch of Fulton's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, (2) denied those branches of Fulton's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, (3) granted that branch of NYCHVAC's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it, and (4) granted that branch of PMB's motion which was for summary judgment dismissing Fulton's cross-claims insofar as asserted against it. Fulton appeals, and the plaintiff cross-appeals.
The Supreme Court properly granted that branch of Fulton's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. "'To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Dyszkiewicz v City of New York, 218 AD3d 546, 548, quoting Zaino v Rogers, 153 AD3d 763, 764).
Here, Fulton established, prima facie, that 12 NYCRR 23-1.7(e)(1), which protects workers from tripping hazards, is inapplicable to the facts of this case, since the accident was the result of a slipping hazard, not a tripping hazard (see Dyszkiewicz v City of New York, 218 AD3d at 548; Keener v Cinalta Constr. Corp., 146 AD3d 867, 868). Fulton also established that 12 NYCRR 23-1.7(e)(2) is inapplicable to the facts of this case because it applies to working areas, and the staircase in which the accident allegedly occurred was a "passageway," not a working area, at the time of the accident (see Dyszkiewicz v City of New York, 218 AD3d at 548). Moreover, Fulton established that 12 NYCRR 23-1.7(f), which provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground," was not violated. In [*3]opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention regarding the applicability of 12 NYCRR 23-1.7(d) is raised on appeal for the first time in his reply brief, and it is not being considered as it is not properly before this Court (see Yasso v Town of Brookhaven, 219 AD3d 784, 787).
The Supreme Court properly denied those branches of Fulton's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. "Labor Law § 200 codifies the common-law duty . . . to provide employees with a safe place to work" (Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Labor Law § 200 "applies to owners, contractors, and their agents" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d 121, 129; Ortega v Puccia, 57 AD3d 54, 61). "[W]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841 [internal quotation marks omitted]). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Nicoletti v Iracane, 122 AD3d 811, 812).
Fulton failed to establish, prima facie, that it did not have constructive notice of the condition. At his deposition, the plaintiff testified that he observed a white substance on his pants after falling. He believed the substance was dust, construction debris, or sand. The record further establishes that Fulton, among others, was responsible for cleaning the subject stairs. However, Fulton did not present any evidence as to when the stairs were last cleaned or inspected prior to the plaintiff's accident. Accordingly, Fulton failed to meet its prima facie burden of establishing that it neither created nor had notice of the dangerous condition (see Gray v Lifetitz, 83 AD3d 780, 780-781; Medina v La Fiura Dev. Corp., 69 AD3d 686).
The Supreme Court properly granted that branch of NYCHVAC's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it. "[A] promise in connection with a contract relative to the construction of a building purporting to indemnify or hold harmless the promisee against liability for bodily injury caused by the negligence of the promisee is unenforceable" (Cedillo v Nautilus Realty Ltd. Partnership, 219 AD3d 1300, 1301, citing General Obligations Law § 5-322.1; see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 794). "An indemnification contract which authorizes indemnification for the general contractor's own negligence is void as against public policy and unenforceable, even to the extent of the subcontractor's negligence" (Carriere v Whiting Turner Contr., 299 AD2d 509, 511).
Here, the subcontractor agreement between Fulton and NYCHVAC states that NYCHVAC would hold Fulton harmless "due to any action arising out of the performance of the work described in this [subcontractor agreement]" and "against loss or expense . . . for damages because of bodily injuries, including death at any time resulting therefore accidentally sustained by any person." Notably, the indemnification clause contained "no language limiting the subcontractor's obligation to that permitted by law or to the subcontractor's negligence" (Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 795), and courts will not "salvage that part of an indemnification contract that would require a subcontractor to indemnify a general for the subcontractor's negligence only" (id.). Because the language in the subcontractor agreement purports to indemnify Fulton against all damages incurred during the performance of the contract, including damages resulting from its own negligence, it violates General Obligations Law 5-322.1 and is unenforceable (see id.; Carriere v Whiting Turner Contr., 299 AD2d at 511).
"A party seeking damages for breach of an agreement to procure insurance naming it as an additional insured must demonstrate that a contract provision required that such insurance be procured naming it as additional insured and that the provision was not complied with" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969). A party seeking summary judgment dismissing a cause of action alleging breach of a contractual obligation to procure insurance must establish that it procured the requisite insurance, then the burden shifts to the opposing party to raise a triable issue of fact (see id.; Georges v Resorts World Casino N.Y. City, 189 AD3d 1549, 1551).
Here, the subcontractor agreement between Fulton and NYCHVAC contained a section titled "INSURANCE REQUIREMENTS," which required that NYCHVAC procure comprehensive general liability insurance in a certain amount and name Fulton as an additional insured. In support of its motion, NYCHVAC produced an insurance policy compliant with the terms of the insurance procurement provision of the subcontractor agreement, and, in opposition, Fulton failed to raise a triable issue of fact (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969; Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498).
The Supreme Court properly granted that branch of PMB's motion which was for summary judgment dismissing Fulton's cross-claim for contractual indemnification insofar as asserted against it. The indemnification provisions contained in the subcontractor agreement between Fulton and PMB, which were nearly identical to the indemnification provisions contained in the subcontractor agreement between Fulton and NYCHVAC, were unenforceable because they contained "no language limiting the subcontractor's obligation to that permitted by law or to the subcontractor's negligence" (Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 795), and they purported to indemnify Fulton for its own negligence (see id.; Carriere v Whiting Turner Contr., 299 AD2d at 511).
The Supreme Court also property granted that branch of PMB's motion which was for summary judgment dismissing Fulton's cross-claim alleging breach of a contractual duty to procure insurance insofar as asserted against it. The subcontractor agreement between Fulton and PMB contained a section titled "INSURANCE REQUIREMENTS," which required that PMB procure comprehensive general liability insurance in a certain amount and name Fulton as an additional insured. The evidence established that PMB had procured an insurance policy compliant with the terms of the insurance procurement provision (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969; Perez v Morse Diesel Intl., Inc., 10 AD3d at 498). Contrary to Fulton's contention, the fact that the insurer later declined to defend Fulton on the basis that PMB had allegedly ceased operations at the worksite at the time of the accident did not raise a triable issue of fact as to whether PMB had procured insurance as was required under the subcontractor agreement in the first instance.
The Supreme Court erred, however, in granting that branch of PMB's motion which was for summary judgment dismissing Fulton's cross-claim alleging breach of a contractual duty to maintain a safe workplace insofar as asserted against it. The subcontractor agreement between Fulton and PMB required that PMB "[c]lean up own debris and place in job site containers." In support of its motion, PMB submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the principals of PMB and the defendant third-party defendant Vladimir Soukhanov, doing business as VSB Construction (hereinafter VSB). That evidence failed to establish that PMB was not present at the worksite on the day of the accident and that it did not create or contribute to the creation of the condition that allegedly caused the plaintiff's injury. Accordingly, PMB's own submissions failed to eliminate all triable issues of fact as to whether it breached its contractual duty to maintain a safe workplace by removing its own debris.
Moreover, the Supreme Court erred in granting that branch of PMB's motion which was for summary judgment dismissing Fulton's cross-claim for common-law indemnification insofar as asserted against it. "In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752 [internal [*4]quotation marks omitted]). "A potential indemnitor is entitled to summary judgment dismissing a claim for common-law indemnification where the evidence demonstrates that the underlying injured party's accident was not solely due to its negligent performance or nonperformance of an act solely within its province" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969). Here, the deposition testimony transcripts submitted by PMB failed to eliminate all triable issues of fact as to whether the accident was solely due to its negligence.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court