470 4th Ave. Fee Owner, LLC v Adam Am. LLC (2025 NY Slip Op 50396(U))

[*1]

470 4th Ave. Fee Owner, LLC v Adam Am. LLC

2025 NY Slip Op 50396(U)

Decided on March 31, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 31, 2025
Supreme Court, New York County

470 4th Avenue Fee Owner, LLC, 470 4TH AVENUE OWNER, LLC, TRINITY PLACE HOLDINGS, INC., Plaintiff,

against
Adam America LLC, 470 4TH AVENUE INVESTORS LLC, DANYA CEBUS CONSTRUCTION, LLC, Defendant.
DANYA CEBUS CONSTRUCTION, LLC Plaintiff,
against
BEST PLUMBING & HEATING INC., AMRA ELECTRICAL CORPORATION, ALL ABOUT AC CORP., MAR-SAL CONTRACTING INC., MILESTONE MASONRY CORPORATION, MEC GENERAL, INC., RED HOOK CONSTRUCTION GROUP-II, LLC, SUPREME FLOORING COVERINGS LIMITED LIABILITY COMPANY, K2 CONSTRUCTION, INC A/K/A K2 CONSTRUCTION LLC A/K/A K2 CONSTRUCTION AND DEVELOPMENTS, INC., RODNEY KATZ Defendant.
SUPREME FLOORING COVERINGS LIMITED LIABILITY COMPANY Plaintiff,
against
ANTIQUE FLOORS LLC Defendant.
ADAM AMERICA LLC, 470 4TH AVENUE INVESTORS LLC Plaintiff,
against
ISLANDAIRE NEW YORK, LLC, DELTA TESTING LABS CORP Defendant.
DANYA CEBUS CONSTRUCTION, LLC Plaintiff,
against
ISLANDAIRE NEW YORK, LLC, OZ SOLUTIONS INC., OREN ZIV Defendant.
RED HOOK CONSTRUCTION GROUP-II, LLC Plaintiff,
against
DRIP DROP WATERPROOFING A/K/A DRIP DROP WATERPROOFING INC. Defendant.
SUPREME FLOORING COVERINGS LIMITED LIABILITY COMPANY Plaintiff,
against
FULL DESIGN CORP. Defendant.

Index No. 656506/2018

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 016) 790, 791, 792, 793, 794, 795, 796, 797, 798, 799, 913, 914, 915, 916, 1094, 1397, 1479, 1578, 1579, 1580, [*2]1581, 1652, 1739, 1740, 1747 were read on this motion for JUDGMENT - SUMMARY .
In this construction defect action, plaintiffs, purchasers of a new-construction residential apartment building, assert that defendants, the previous owners, developers, and contractors for the building, knowingly failed to disclose defects and pervasive water damage in the building. After purchase, plaintiffs were purportedly forced to stop leasing the premises and perform extensive remediation and repairs. Purchasers commenced this action for breach of contract, fraudulent inducement, fraudulent concealment, negligent misrepresentation, and negligence.
Defendant Danya Cebus Construction LLC, general contractor for the construction project, hired Red Hook Construction Group-II LLC, to perform excavation, underpinning, foundation, and superstructure work. Red Hook performed work from December 10, 2014 through December 15, 2015.
Danya filed a third-party complaint in February of 2020, against Red Hook Construction Group — II LLC, asserting four causes of action: (1) common law indemnification;
(2) contractual indemnification; (3) contribution and (4) breach of contract for a failure to procure insurance.
In motion sequence 016, Red Hook moves for summary judgment dismissing Danya's complaint and all crossclaims and counterclaims asserted against it.
Legal Standard
It is well settled that on a motion for summary judgment, "the facts must be viewed in the light most favorable to the non-moving party and every available inference must be drawn in the [non-moving party's] favor" (Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019][internal quotation marks and citations omitted]). "[T]he proponent of [the] motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Matter of New York City Asbestos Litig., 33 NY3d 20, 25 [2019][internal quotation marks and citation omitted]). 
Where the moving party makes a prima facie showing of entitlement to summary judgment, it falls to the non-moving party "to establish the existence of material issues of fact which require a trial of the action" (Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d at 496 [internal quotation marks and citation omitted]). The motion "should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (Matter of New York City Asbestos Litig., 33 NY3d at 25 [internal quotation marks and citation omitted]). 
Discussion
Common-law Contribution and Indemnity
Third-party plaintiff Danya Construction seeks common-law contribution and indemnification from third-party defendants for all claims asserted against it in the underlying action. Red Hook submits that dismissal of these claims is warranted because plaintiff proffered no evidence of Red Hook's purported negligence as required to support a claim for common law indemnification and contribution.
For the reasons set forth by this court in addressing the other contractor defendants' motions for summary judgment (oral argument transcript, NYSCEF doc. no. 1796, pg. 11), the court declines to dismiss Danya's common law indemnity claims. Common law indemnity is warranted where a defendant's role in causing the injury is solely passive, and thus its liability is [*3]purely vicarious (Bd. of Managers of Olive Park Condo. v Maspeth Properties, LLC, 170 AD3d 645 [2d Dept 2019]). Where, as here, there has been no summary finding of liability regarding construction at the premises, dismissal of an indemnity claim is improper.
With respect to Danya's contribution claim, the court notes that Danya has withdrawn, or otherwise failed to oppose, a subsequent request by defendants to dismiss the common law contribution claim (NYSCEF doc. no. 1867, pg. 9). The court, therefore, grants this portion of the motion.
Contractual indemnification
Red Hook also seeks dismissal of Danya's cause of action for contractual indemnification. On October 24, 2024, the parties entered a Standard Form of Agreement Between Contractor and Subcontractor. Section 4.6.1 of the agreement provides:
To the fullest extent permitted by law, [Red Hook] shall indemnify and hold harmless [Adam America LLC d/b/a Adam America Real Estate, 470 4th Avenue Investors LLC, and Danya Cebus], from and against all claims, damages, losses, expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of [Red Hook's] work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of [Red Hook], [Red Hook's] Subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Section 4.6.
The court notes that Red Hook has no obligation to indemnify Danya for fraudulent inducement, fraudulent concealment, or negligent misrepresentation, as these are not alleged to arise out of Red Hook's work (Section 4.6.1 of the Red Hook Subcontract). The contractual indemnification claim is therefore dismissed to the extent that Dany seeks indemnification for plaintiffs' causes of action for fraudulent inducement, fraudulent concealment, and negligent misrepresentation.
However, Danya's contractual indemnification claim will remain against Red Hook for all remaining claims, including negligence. Red Hook submits that the indemnification provision is only "triggered by a request for indemnification for bodily injuries and destruction of tangible property (other than the work itself)." It is asserted that the admissible evidence established that the purported damages sustained by plaintiffs were unrelated to Red Hook's work (affirmation, NYSCEF doc. no. 790). No direct evidence or affidavit from a person with personal knowledge was submitted in support this argument.
It is claimed by Red Hook the building damage is not covered by the indemnification provision because plaintiffs' claims bear almost exclusively on the condition and leaking of the building's PTAC units. Red Hook refutes any involvement or connection with the installation of the units. This argument is unavailing. In addition to claims regarding the installation of the PTAC units, it is also alleged that the foundation was improperly sealed, resulting in water penetration (opposition, NYSCEF doc. no. 1578, pg. 18). Further, it is alleged that Red Hook's subcontractor performed waterproofing at the building which was allegedly done improperly [*4](id.).
The lack of quality in the workmanship by the contractors forms the basis for Danya's negligence claim, and timesheets and daily reports reflecting Red Hook's manpower on site does little to extinguish all material questions of fact sufficient to warrant a finding of summary judgment in Red Hook's favor. On a motion for summary judgment, the movant bears the burden of proof (Penava Mech. Corp. v Afgo Mech. Servs., Inc., 71 AD3d 493, 495—96 [1st Dept 2010]).
Breach of Contract — Failure to Procure
"A party moving for summary judgment on its claim for failure to procure insurance meets its prima facie burden by establishing that a contract provision requiring the procurement of insurance was not complied with" (Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]). A moving party may make that showing by submitting, for example, copies of the contract requiring the procurement of insurance and of correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued (Dorset v 285 Madison Owner LLC, 214 AD3d 402, 404 [2023]). "Summary judgment dismissing a cause of action alleging failure to procure additional insured coverage is warranted where the movant demonstrates, prima facie, that it procured the requisite insurance" (Meadowbrook Pointe Dev. Corp. v F&G Concrete & Brick Indus., Inc., 214 AD3d 965, 969 [2d Dept 2023]).
In support of its argument, Red Hook submits a discovery response and copies of the policies served upon counsel which indicates that policy 13CG0180338 was procured from American Empire Surplus Lines Insurance for the period of December 7, 2013 to December 7, 2014 with a $1 million limit per occurrence and a $2 million limit per project. Policy 14CG0189610 was obtained for the period of December 7, 2014 to December 7, 2015, with the same aggregate and project limits, and policy 15CG0198598 was obtained, thereafter, for the time period of December 7, 2015 to December 7, 2016.
The subcontract requires Red Hook to obtain a commercial general liability in the amount of $1 million per occurrence/$2 million general aggregate/$2 million products and completed operations aggregate, providing coverage for (i) Premises & operations, (ii) Products-completed operations for a minimum of three years after project completion, and (iii) Blanket contractual liability, on a primary noncontributory basis (subcontract, NYSCEF doc. no. 793, section 4.6.1). Under the terms of the subcontract, Red Hook was required to procure and maintain "until final acceptance of the work, such insurance [as] will protect the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement," (Section 2 of Insurance Requirement Rider).
A movant seeking to dismiss a failure to procure claim may establish its entitlement by demonstrating that it complied with the contract provision requiring procurement of insurance. Here, Red Hook argues that it complied with its contractual obligation to obtain the requisite insurance but failed in its initial moving papers to submit copies of the policies obtained that purportedly comply with its contractual provision (see NYSCEF doc. no.796). An attorney affirmation is not admissible evidence and the court declines to accept counsel's discovery response as evidence his client fully complied with its contractual obligations (Adam v Cutner & Rathkopf, 238 AD2d 234, 239 [1st Dept 1997][an attorney's affidavit is of no probative value on a summary judgment motion unless accompanied by documentary evidence which constitutes admissible proof]). Moreover, the court declines to accept counsel's submission of the policies [*5]for the first time in reply (Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006][the rejection of new evidence in reply is to "prevent a movant from remedying basic deficiencies in its prima facie showing by submitting evidence in reply, thereby shifting to the non-moving party the burden of demonstrating the existence of a triable issue of fact at a time when that party has neither the obligation nor opportunity to respond"]).
Accordingly, it is hereby
ORDERED that Red Hook's motion for summary judgment (motion seq. no. 016) is granted in part and otherwise denied; Danya's claim for common law contribution is dismissed in its totality, and Danya's indemnification claims, to the extent premised upon plaintiff's fraudulent inducement, fraudulent concealment, and negligent misrepresentation claims, are dismissed; and the remainder of Red Hook's motion for summary judgment is denied.
DATE March 31, 2025
ROBERT R. REED, J.S.C.