Herrera v City of New York
2026 NY Slip Op 03668
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ruben Herrera, et al., plaintiffs-respondents,
v
City of New York, et al., defendants third-party plaintiffs-respondents; Rosedale Supply Co., LLC, third-party defendant-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-12749, (Index No. 711966/20)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Barker Patterson Nichols, LLP, Garden City, NY (Adonaid C. Medina and Douglas Langholz of counsel), for third-party defendant-appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Tarrytown, NY (Joseph R. Abergel, Christopher C. Caiazzo and Danitza A. Campbell of counsel), for defendants third-party plaintiffs-respondents.
Gorayeb & Associates, P.C., New York, NY (Martin J. Moskowitz of counsel), for plaintiffs-respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated October 9, 2024. The order, insofar as appealed from, denied the third-party defendant's cross-motion for summary judgment, in effect, dismissing the third-party complaint and the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff Ruben Herrera (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendants third-party plaintiffs, City of New York and New York City Department of Design and Construction (hereinafter the City defendants), to recover damages for personal injuries the injured plaintiff allegedly sustained while working at a construction site, when he was knocked to the ground by a suspended load being transported by a backhoe machine. The plaintiffs asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The City defendants commenced a third-party action against the third-party defendant, Rosedale Supply Co., LLC (hereinafter Rosedale), which was hired to provide crossing guards and flag persons to control pedestrian and vehicular traffic for the construction site. The third-party complaint asserted causes of action for indemnification and contribution.
Thereafter, the plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and Rosedale cross-moved for summary judgment, in effect, dismissing the third-party complaint and the cause of action alleging a violation of Labor Law § 240(1). In an order dated October 9, 2024, the Supreme Court, inter alia, denied Rosedale's cross-motion. Rosedale appeals.
"A potential indemnitor is entitled to summary judgment dismissing a claim for [*2]common-law indemnification where the evidence demonstrates that the underlying injured party's accident was not solely due to its negligent performance or nonperformance of an act solely within its province" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969). Here, Rosedale failed to establish, prima facie, that it did not cause the injured plaintiff's accident because it failed to establish that the injured plaintiff was not a pedestrian that Rosedale was hired to control at the construction site.
"Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d 1001, 1002, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7).
Here, Rosedale established, prima facie, that the injured plaintiff's accident was not caused by a gravity-related incident by submitting the affidavit of a witness of the accident, who averred that the injured plaintiff tripped on an uneven surface in the roadway next to the backhoe, fell to the ground, and was unable to avoid making contact with the backhoe (see Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1002). However, the plaintiffs raised a triable issue of fact in opposition by submitting the injured plaintiff's testimony in which he averred that he did not step into a depression in the roadway, but that the backhoe's front tire entered a depression, causing the wood being transported by the backhoe to move with the force of gravity, striking him in the chest.
Accordingly, the Supreme Court properly denied Rosedale's cross-motion for summary judgment, in effect, dismissing the third-party complaint and the cause of action alleging a violation of Labor Law § 240(1).
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court